**UNITED STATES of America,**

v.

**ZU QUAN ZHU, Defendant.**

**Crim. No. 02–159.**

United States District Court,
D. Massachusetts.

Jan. 10, 2003.

In proceeding for removal of arrestee charged with violating conditions of release to the district which ordered his arrest, the District Court, Collings, United States Magistrate Judge, held that when a defendant is arrested pursuant to statute for violating conditions of release other than failure to appear and the arrest takes place in a district other than the district which ordered the arrest, magistrate judge in the district of arrest has no power to hold a detention hearing and no power to release the defendant, but can only conduct an identity hearing, and order defendant's immediate removal to the district in which the order of arrest was issued if defendant is the person named in the warrant.

---

Miriam Conrad, Federal Defender's Office, Boston, MA, for Defendant.

Michael J. Pineault, United States Attorney's Office, Boston, MA, for U.S.A.

### MEMORANDUM AND ORDER

COLLINGS, United States Magistrate Judge.

The issue before me in this case is quite simply stated and less easily resolved. Zhu, having been charged with an offense in the Western District of Pennsylvania at Pittsburgh, appeared before that Court and was released on Conditions of Release. The Conditions permitted Zhu to reside in Quincy, Massachusetts. When Zhu allegedly violated his Conditions of Release by assaulting one of the persons with whom he was living, the magistrate judge in Pittsburgh issued a warrant for Zhu's arrest, Zhu was arrested in Massachusetts and was brought before me for removal proceedings. As will be seen, *infra*, it is significant that Zhu was not arrested for violating the Conditions of Release by failing to appear in Pittsburgh; rather, the arrest was for violating another Condition of Release.

The question is whether I have any power in these circumstances to hold a detention hearing and release Zhu on Conditions of Release if I deemed it appropriate, pending his removal to Pittsburgh. Zhu's counsel argues that I do. The Government argues that I have no power whatsoever and must issue an Order of Removal directing the U.S. Marshal to transport Zhu to Pittsburgh.

Resolving the issue involves determining the interplay between the statute governing revocation of release, 18 U.S.C. § 3148, and the Federal Rules of Criminal Procedure. The matter is further complicated by amendments to the Federal Rules of Criminal Procedure which became effective on December 1, 2002.

I faced this identical issue about fifteen years ago in the case of *United States v. Viveiros*, 1987 WL 881557, 1987 U.S. Dist. LEXIS 10525 (D.Mass., 1987). The factual pattern was identical. Viveiros had been charged in Vermont, released on Conditions of Release by the magistrate judge in Vermont (Niedermeir, M.J.) which permitted him to live in Massachusetts and then violated the Conditions. The magistrate judge issued a warrant of arrest, Viveiros was arrested in Massachusetts and brought before me.

In the *Viveiros* case, I wrote as follows:

The applicable statute, 18 U.S.C. § 3148, reads, in pertinent part:

The attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which his arrest was ordered for a proceeding in accordance with this section. To the extent practicable, a person charged with violating the condition of his release that he not commit a Federal, State or local crime during the period of release shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated. The judicial officer shall issue an order of revocation and detention if, after a hearing, the judicial officer—

(1) finds that there is—

(A) probable cause to believe that the person has committed a Federal, State or local crime while on release; or

(B) clear and convincing evidence that the person has violated any other condition of release; and

(2) finds that–

(A) based on the factors set forth in section 3142(g), there is no condition or combination of conditions of release that will assure that the person will not flee

or pose a danger to the safety of any other person or the community or

(B) the person is unlikely to abide by any condition or combination of conditions of release.

The statute, by a plain reading of its language, provides that any hearing on the revocation of the conditions of release is to be held before a "judicial officer in the district in which the arrest was ordered", and "to the extent practicable", the hearing should be held before the particular judicial officer in the district in which the arrest was ordered "who ordered the release and whose order is alleged to have been violated." Applying the statute to the instant case, the hearing on the revocation of the defendant's conditions of release should be held before Magistrate Neidermeier, who is a "judicial officer in the district in which the arrest was ordered" and the judicial officer "who ordered the release and whose order is alleged to have been violated."

The question then becomes what is the duty with respect to release or detention of the judicial officer in the district of arrest before whom the defendant appears pursuant to Rule 40(a), F.R.Crim. P. Or, put another way, the question is what options does the judicial officer in the district of arrest have with respect to release or detention pending the revocation hearing in the district in which the arrest was ordered.

Rule 40(f), F.R.Crim. P., is entitled "Release or Detention" and was enacted at the same time as the statutes respecting bail, including 18 U.S.C. § 3148(b), were extensively revised in October, 1984. That Rule provides:

> If a person was previously detained or conditionally released, pursuant to chapter 207 of title 18, United States Code, in another district where a warrant, information, or indictment issued, the Federal magistrate shall take into account the decision previously made and the reasons set forth therefor, but will not be bound by that decision. If the Federal magistrate amends the release or detention decision or alters the conditions of

release, he shall set forth his reasons for his action in writing.

This rule would seem to indicate that when a defendant is arrested on the basis of a warrant issued pursuant to 18 U.S.C. § 3148(b) in another district, the judicial officer in the district where the arrest took place has to make a determination whether to detain or release the defendant, or, more precisely, whether to continue the conditions of release previously set in the other district, or to amend those conditions, or to detain the defendant. And presumably that decision would be made only after a hearing before the judicial officer in the district where arrest took place. This creates the anomalous situation in which the revocation hearing (at which a decision is made whether to revoke or amend the conditions of release or to detain the defendant) is to be held in the district in which the arrest was ordered (18 U.S.C. § 3148(b)) after the judicial officer in the district of arrest determines whether to continue or amend the conditions of release set in the district in which the arrest was ordered or to detain the defendant (Rule 40(f)), thereby, in effect, making the same decision that is to be made at the revocation hearing.

I can find nothing in the legislative history which sheds any light on how this apparent conflict is to be resolved. It may well be that when Congress enacted 18 U.S.C. § 3148(b), it was not thinking of the situation in which the arrest takes place in a district other than the district in which the arrest was ordered and that, therefore, Rule 40(f), F.R.Crim. P., should govern and the revocation hearing should be held in the district of arrest. The problem with this analysis is that if it were correct, the requirement in the statute that the person be brought before a judicial officer "in the district in which the arrest was ordered" would be meaningless.

Then it may be argued that Rule 40(f), F.R.Crim. P., was not meant to cover the situation in which a defendant is arrested on a warrant issued pursuant to 18 U.S.C. § 3148(b) in a district other than the district in which the warrant issued, or, in the

words of § 3148(b), in which the arrest was ordered. The problem with this analysis is that it would be a rare case in which a person who had been previously released in one district would be later arrested on a warrant on the same charge in another district unless the warrant had been issued pursuant to § 3148(b).

The Court's duty is, to the extent possible, to reconcile the two provisions. I do so by ruling that when a person is arrested on a warrant issued pursuant to 18 U.S.C. § 3148(b) in a district other than the district in which the arrest was ordered, the judicial officer before whom the person appears in the district in which the arrest took place may not conduct the revocation hearing but rather, after hearing, must determine whether the defendant shall be released on conditions or detained pending the person's appearance for a revocation hearing pursuant to § 3148(b) in the district in which the arrest was ordered. In other words, the judicial officer in the district in which the arrest takes place may order the defendant released or detained until such time as the defendant appears in the district in which the arrest was ordered for a revocation hearing. This resolution is faithful to Congress' intent that revocation hearings pursuant to § 3148(b) be held in the district in which the arrest was ordered (and, to the extent practicable, before the judicial officer who set the conditions) but also maintains somewhat the intent of Rule 40, F.R.Crim. P., that a defendant arrested in a district other than the district in which the arrest was ordered has an opportunity to be heard on the question of whether he will be detained or released pending his appearance in the district in which the arrest was ordered.

The question then becomes the extent to which the judicial officer in the district of arrest, in determining whether or not to detain or release the defendant pending an appearance in the district in which the arrest was ordered, may consider the allegations that the defendant has violated the terms of his release. In my view, the allegations may be considered, but only to the extent that the "nature and circumstances" of the allegations may be considered. For example, it might make a difference if the allegation that the defendant violated the conditions of his release was that the defendant committed a murder while on release as opposed to the allegation that the defendant committed a petty larceny. But the question of whether there is "probable cause to believe that the person has committed a Federal, State or local crime" or whether there is "clear and convincing evidence that the person has violated any other condition of his release" is to be made as part of the revocation proceeding in the district in which the arrest was ordered and are not, in my judgment, decisions to be made by the judicial officer in the district of arrest.

*Viveiros*, 1987 WL 881557, at *1, 1987 U.S. Dist. LEXIS 10525 at *2–*9 (footnote omitted).

If there had been no change in the law since 1987, I would stand by my decision in *Viveiros*; however, the December 1, 2002 amendments to the Federal Rules of Criminal Procedure have changed the law.

Effective December 1, 2002, Rule 40 reads as follows:

### Rule 40. Arrest for Failing to Appear in Another District

(a) **In General.** If a person is arrested under a warrant issued in another district for failing to appear—as required by the terms of that person's release under 18 U.S.C. §§ 3141–3156, or by subpoena—the person must be taken without unnecessary delay before a magistrate judge in the district of the arrest.

(b) **Proceedings.** The judge must proceed under Rule 5(C)(3) as applicable.

(c) **Release of Detention Order.** The judge may modify any previous release or detention order issued in another district, but must state in writing the reason for doing so.

Rule 40, Fed.R.Crim.P. (eff.12/1/2002).

The net result of this amendment is, first, to eliminate the former Rule 40(f) entirely, and second, to apply what was the effect of the former Rule 40(f) only to the situation in

which the violation of Conditions of Release is failure to appear. Since Zhu was not arrested for failing to appear, Rule 40 is inapplicable to his case. The former Rule 40(f), upon which I relied in *Viveiros* in determining that I had the power, if appropriate, to set Conditions of Release pending removal has been repealed. Thus, I have to look elsewhere to determine if I have such power after December 1, 2002.

There appears to be no question that pursuant to Rule 5(a)(1), Fed.R.Crim.P. (eff.12/1/2002), upon arrest in Massachusetts, Zhu must be taken before a magistrate judge in Massachusetts. An explicit exception is contained in Rule 5(a)(2)(C) which provides that "[i]f a defendant is arrested for failing to appear in another district, Rule 40 applies." I do not agree with the Government that 18 U.S.C. § 3148 should be construed as obviating any need whatsoever to bring a defendant before a magistrate judge in the district of arrest. The fact that the statute provides that "... a person shall be brought before a judicial officer in the district which his arrest was ordered ..." for a revocation hearing does not, in my opinion, mean that the defendant is to be "brought" to such district without even as much as an identity hearing in the district of arrest in order to determine whether the person who was arrested is the same person named in the warrant. On the Government's logic, no such hearing need be had—in fact, under the Government's reading, there would be no reason to bring the defendant before a magistrate judge in the district of arrest at all.[1]

I am also somewhat puzzled why, if the drafters of the revised Rule 40 intended that a magistrate judge in the district of arrest would have no power to determine whether the defendant was to be detained or released pending an appearance in the district in which the warrant was issued, they would explicitly grant that power in Rule 40(c) in the case of a failure to appear, perhaps the most serious manner in which a person can violate Conditions of Release other than committing a serious crime while on release.

Thus, under the Government's reading of the law, a person could fail to appear, become a notorious fugitive for a period of years, and when he is arrested in a district other than the one where the warrant was issued, the magistrate judge has the power to set Conditions of Release under Rule 40(c). On the other hand, if a person violated his Conditions of Release in a rather minor way by, for example, failing to call Pre–Trial Services when required or for violating a curfew by a half hour, the magistrate judge in the district of arrest would have no power to determine whether Conditions of Release should be set pending removal to the district in which the warrant was issued.

I would note further that the Federal Rules of Criminal Procedure explicitly deal with the situation where someone is arrested for violation of Conditions of Probation or Supervised Release. *See* Rule 32.1(a)(6), Fed.R.Crim.P. (eff.12/1/2002). In addition, if the alleged violation occurred in the district of arrest, the preliminary hearing is to be held in the district of arrest. *See* Rule 32.1(a)(5)(A), Fed.R.Crim.P. (eff.12/1/2002). If the alleged violation did not occur in the district of arrest, no preliminary hearing is to be held in the district of arrest—the only proceeding which would occur there is an identity hearing. *See* Rule 32.1(a)(5)(B), Fed.R.Crim.P. (eff.12/1/2002). In either event, Rule 32.1(a)(6) gives the magistrate judge in the district of arrest the power to set Conditions of Release if appropriate.

Again, it seems illogical that a convicted person who is arrested for violating Conditions of Probation or Supervised Release can be released by a magistrate judge in the district of arrest and a person who is just alleged to have committed a crime and is arrested for violating Conditions of Release (other than for failure to appear) cannot. The differing rules do not seem to evidence a rational scheme.

However, I do believe that in order to hold a detention hearing for a person who has allegedly violated the Conditions of Release (other than failure to appear), I have to be

---

1. That the Government really does not believe that this interpretation of the statute is correct is shown by the fact that after arresting Zhu, the Government *did* bring Zhu before me rather than spiriting him off to Pittsburgh in the first instance.

able to point to some grant of power to do so.[2] That proposition was a premise of the decision in *Viveiros*, and in *Viveiros*, I found the authority in Rule 40(f), Fed.R.Crim.P. Since Rule 40(f) is no more, and no other statute or rule has been found which would grant the power, I conclude that I lack the power under present law.

Accordingly, I rule that when a person is arrested pursuant to 18 U.S.C. § 3148(b) for violating Conditions of Release (other than failure to appear) and the arrest takes place in a district other than the district which ordered the arrest, the magistrate judge in the district of arrest has no power to hold a detention hearing and no power to release the defendant.[3] Rather, the only function of the magistrate judge in the district of arrest is to hold an identity hearing, and if the person arrested is found to be the person named in the warrant, to order the defendant's removal in the custody of the U.S. Marshal to the district in which the order of arrest was issued.

An Order of Removal directing the U.S. Marshal to transfer the defendant Zhu to the Western District of Pennsylvania shall enter at 1:00 P.M. on Monday, January 13, 2003 unless, before that time, counsel for the defendant obtains a stay of the Order of Removal from either the undersigned or the district judge assigned to the Miscellaneous Business Docket. *See generally* Rule 2(c), Rules for United States Magistrate Judges in the District of Massachusetts.

2. Interestingly, Zhu's counsel in Pittsburgh, the Federal Public Defender, filed a motion in the United States District Court for the Western District of Pennsylvania seeking "... an Order authorizing U.S. Magistrate Judge Collings jurisdiction [sic] of the resolution of the Government's Motion to Revoke Bond in the above-styled matter." The Assistant U.S. Attorney in Pittsburgh opposed the motion. U.S. District Judge Robert J. Cindrich of the Western District of Pennsylvania denied the motion. The motion was for me to hear the revocation hearing which, under 18 U.S.C. § 3148(b), a magistrate judge in the district of arrest would not have the power to hear. *Viveiros*, 1987 WL 881557 at *2, 1987 U.S. Dist.

LEXIS 10525 at *7. However, if I did have the power to set Conditions of Release pending an appearance in Pittsburgh for a revocation hearing, as I believe I do in cases in which the alleged violation of the Conditions of Release is failure to appear (Rule 40(c), Fed.R.Crim.P. eff. 12/1/02), in my opinion, the District Judge in the district in which the arrest was ordered would not have the power to prohibit me from exercising that power.

3. An exception would be if the case were transferred to the district of arrest pursuant to Rule 20, Fed.R.Crim.P.